# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, S.A. DOMINGUEZ**
Appellate Military Judges

**UNITED STATES OF AMERICA**

**v.**

**THOMAS C. FURKIN**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201400005**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged**: 18 September 2013.
**Military Judge**: LtCol David Jones, USMC.
**Convening Authority**: Commander, Marine Corps Recruit Depot/Eastern Recruiting Region, Parris Island, SC.
**Staff Judge Advocate's Recommendation**: LtCol R.G. Palmer, USMC.
**For Appellant**: Maj Richard Viczorek, USMCR.
**For Appellee**: CDR Christopher, L. Van Brackel, JAGC, USN; Maj Crista D. Kraics, USMC.

**28 October 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general order (fraternization), one specification of making a false official statement, one specification of damaging government properly

through neglect, one specification of reckless operation of a motor vehicle, and one specification of assault consummated by a battery, in violation of Articles 92, 107, 108, 111, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 908, 911, and 928. The appellant was sentenced to confinement for 170 days, to be reduced to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and "[s]ubject to the limitations contained in the Uniform Code of Military Justice, the Manual for Courts-Martial, [and] applicable regulations," ordered it executed.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

### Purported Execution of the Punitive Discharge

The appellant avers that the CA erred in attempting to execute the appellant's bad-conduct discharge. We agree. Although this court originally found no error in the use of nearly identical language, see *United States v. Bailey*, 2009 CCA LEXIS 670 at *6-7 n.1, unpublished op. (N.M.Ct.Crim.App. 29 Sep 2009), our superior court disagreed, noting that "[u]nder Article 71(c)(1), UCMJ, a punitive discharge cannot be ordered executed until, after the completion of direct appellate review, there is a final judgment as to the legality of the proceedings." *United States v. Bailey*, 68 M.J. 409, 409 (C.A.A.F. 2009) (summary disposition). However, the CAAF went on to say that "to the extent that the convening authority's action purported to execute the bad-conduct discharge, it was a nullity." *Id.* Accordingly, no further action is required.

**Conclusion**

The findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court